UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**VILETTO BOSNIAK & ROSS**
BY:  Charles W. Sweeney, III, Esquire        Attorney for Defendants
I.D.# 62339
1515 Market Street, Suite 1802
Philadelphia, PA  19102
(215) 564-3042

| | | |
|---|---|---|
| TRINA HERRING | : | CIVIL ACTION |
| OSCAR HERRING | | |
| | : | |
| VS. | | |
| | : | |
| MICHAEL McCREA | | |
| GANNETT FLEMMING, INC. | : | NO.  02 CV 4391 |

**DEFENDANTS ANSWER WITH AFFIRMATIVE DEFENSES
AND CROSS CLAIM  TO PLAINTIFFS  COMPLAINT**

1. The allegations contained in the corresponding paragraph constitute conclusions of law for which no responsive pleading is required, and they are therefore denied.

2-3. Denied.  After reasonable investigation, answering defendant lacks information sufficient to form a belief as to the truth or falsity of the averments contained in the corresponding paragraph and the same are therefore denied.  Strict proof is demanded at the time of trial.

4. Admitted.

5. Admitted in part and denied in part. It is admitted that Gannett Fleming is a corporation and has a place of business in the Commonwealth of Pennsylvania. However, Gannett Fleming also has offices in Hamington, New Jersey, Princeton, New Jersey and South Plainfield, New Jersey.

6. The allegations contained in the corresponding paragraph constitute conclusions of law for which no responsive pleading is required, and they are therefore denied.

## COUNT I

1. Denied. After reasonable investigation, answering defendant lacks information sufficient to form a belief as to the truth or falsity of the averments contained in the corresponding paragraph and the same are therefore denied. Strict proof is demanded at the time of trial.

2. Denied. After reasonable investigation, answering defendant lacks information sufficient to form a belief as to the truth or falsity of the averments contained in the corresponding paragraph and the same are therefore denied. Strict proof is demanded at the time of trial.

3. The allegations contained in the corresponding paragraph constitute conclusions of law for which no responsive pleading is required, and they are therefore denied.

4-8.  Denied.  After reasonable investigation, answering defendant lacks information sufficient to form a belief as to the truth or falsity of the averments contained in the corresponding paragraph and the same are therefore denied.  Strict proof is demanded at the time of trial.

**WHEREFORE**, Answering Defendants demand judgment in their favor.

### COUNT II

1.  Answers to Count I are incorporated herein by reference.

2.  Denied.  After reasonable investigation, answering defendant lacks information sufficient to form a belief as to the truth or falsity of the averments contained in the corresponding paragraph and the same are therefore denied.  Strict proof is demanded at the time of trial.

3-4.  The allegations contained in the corresponding paragraph constitute conclusions of law for which no responsive pleading is required, and they are therefore denied.

5-9.  Denied.  After reasonable investigation, answering defendant lacks information sufficient to form a belief as to the truth or falsity of the averments contained in the corresponding paragraph and the same are therefore denied.  Strict proof is demanded at the time of trial.

**WHEREFORE**, Answering Defendants demand judgment in their favor.

## COUNT III

1. Answering Defendant incorporates by reference answers set forth in Counts I and II.

2. Denied. After reasonable investigation, answering defendant lacks information sufficient to form a belief as to the truth or falsity of the averments contained in the corresponding paragraph and the same are therefore denied. Strict proof is demanded at the time of trial.

3. The allegations contained in the corresponding paragraph constitute conclusions of law for which no responsive pleading is required, and they are therefore denied.

4-8. Denied. After reasonable investigation, answering defendant lacks information sufficient to form a belief as to the truth or falsity of the averments contained in the corresponding paragraph and the same are therefore denied. Strict proof is demanded at the time of trial.

**WHEREFORE**, Answering Defendants demand judgment in their favor.

## COUNT IV

1. Answering Defendant hereby incorporates by reference answers to Counts I through III as though fully set forth at length herein.

2. Denied. After reasonable investigation, answering defendant lacks information sufficient to form a belief as to the truth or falsity of the averments contained in the corresponding paragraph and the same are therefore denied. Strict proof is demanded at the time of trial.

3. The allegations contained in the corresponding paragraph constitute conclusions of law for which no responsive pleading is required, and they are therefore denied.

4-8. Denied. After reasonable investigation, answering defendant lacks information sufficient to form a belief as to the truth or falsity of the averments contained in the corresponding paragraph and the same are therefore denied. Strict proof is demanded at the time of trial.

**WHEREFORE**, Answering Defendants demand judgment in their favor.

## COUNT V

1. Answering Defendants hereby incorporates by reference answers to Counts I through IV as though fully set forth at length herein.

2. Denied. After reasonable investigation, answering defendant lacks information sufficient to form a belief as to the truth or falsity of the averments contained in the corresponding paragraph and the same are therefore denied. Strict proof is demanded at the time of trial.

3. The allegations contained in the corresponding paragraph constitute conclusions of law for which no responsive pleading is required, and they are therefore denied.

4-8. Denied. After reasonable investigation, answering defendant lacks information sufficient to form a belief as to the truth or falsity of the averments contained in the corresponding paragraph and the same are therefore denied. Strict proof is demanded at the time of trial.

**WHEREFORE**, Answering Defendants demand judgment in their favor.

### COUNT VI

1. Answering Defendants hereby incorporate by reference answers to Counts I through V as though fully set forth at length herein.

2. Denied. After reasonable investigation, answering defendant lacks information sufficient to form a belief as to the truth or falsity of the averments contained in the corresponding paragraph and the same are therefore denied. Strict proof is demanded at the time of trial.

3. The allegations contained in the corresponding paragraph constitute conclusions of law for which no responsive pleading is required, and they are therefore denied.

4. The allegations contained in the corresponding paragraph constitute conclusions of law for which no responsive pleading is required, and they are therefore denied.

5-9. Denied. After reasonable investigation, answering defendant lacks information sufficient to form a belief as to the truth or falsity of the averments contained in the corresponding paragraph and the same are therefore denied. Strict proof is demanded at the time of trial.

**WHEREFORE**, Answering Defendants demand judgment in their favor.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his/her damages.

### SECOND AFFIRMATIVE DEFENSE

If plaintiff sustained the injuries and damages as alleged in his/her Complaint, then same were caused by other entities or parties over which answering defendant had no control.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole and/or in part, by the appropriate Statute of Limitations.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff voluntarily adopted a dangerous and hazardous method or manner of performing the actions that he/she was then undertaking when there was available to him/her a safe method and he/she thereby assumed the risk of injury in performing his/her actions.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, or must be reduced, as a result of plaintiff's own negligence, which was the proximate cause of the incident described in plaintiff's Complaint, pursuant to the Pennsylvania Comparative Negligence Act, 42 Pa. C.S.A. Section 7102.

### SIXTH AFFIRMATIVE DEFENSE

This Court lacks jurisdiction over the subject matter of the within action.

### SEVENTH AFFIRMATIVE DEFENSE

If plaintiff sustained the injuries and damages as alleged in his/her Complaint, then same were not proximately caused by any action or failure to act on behalf of answering defendant.

### EIGHTH AFFIRMATIVE DEFENSE

This action is barred or otherwise limited by the provisions of the New Jersey Comparative Negligence Law, N.J.S.A. 2A:15-5.1, *et seq*.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred and/or limited to their election of the New Jersey verbal threshold.

### CROSS CLAIM PURSUANT TO F.R.C.P. 13(g) ADDRESSED TO TRINA HERRING

If the facts as alleged by Plaintiffs pertaining to the accident in this case are true and correct and established at trial, and any liability is found against answering Defendants, any and all such liability being specifically denied, Answering Defendant avers that Plaintiff, Trina Herring is alone liable to Plaintiff, Oscar Herring, jointly and/or severally liable with answering Defendant, and/or liable over to answering Defendant for a contribution and/or indemnity.

**WHEREFORE**, Answering Defendants demand judgment in their favor for contribution and/or indemnity and against Plaintiff, Trina Herring.

VILETTO BOSNIAK & ROSS

BY: _____
Charles W. Sweeney III
Attorney for Defendants

LAW OFFICES OF

# VILETTO BOSNIAK & ROSS *

1515 Market Street - Suite 1802
Philadelphia, Pennsylvania 19102-1905

*Staff Counsel of The Hartford Insurance Group*

(215) 564-3042
FAX (215) 564-0109

| | |
|---|---|
| **Harold E. Viletto** | **Racheal DeCicco Bogina** |
| **Mark R. Bosniak** | **Jeffrey M. Pollock** |
| **Alan H. Ross** | **Steven M. Levin** |
| **Theresa Martin LoStracco** | **Mark J. Kogan** |
| **Charles W. Sweeney III** | **Michael R. Byron** |

\* Not a Partnership or Professional Corporation
   Also a Member of New Jersey Bar

August 12, 2002

Michael S. Ringold, Esq.
Plaza 1000 at Main Street
Suite 206
Voorhees, NJ  08043

**RE:   Herring v. McCrea, et al**

Dear Mr. Ringold:

     Enclosed please find a copy of Defendants Answer with Affirmative Defenses and Cross Claim to Plaintiff's Complaint, the original of which is being filed with the Court with reference to the above captioned matter.

     Please abide by all the applicable time limitations within which to respond.

Very truly yours,


Charles W. Sweeney, III

CWS/hmc
Enclosure